| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

RIGOBERTO Z. CAMPOS, ) No. C 05-3309 SBA (PR)
)
    Petitioner, ) **ORDER GRANTING RESPONDENT'S**
v. ) **MOTION TO DISMISS PETITION AS**
) **UNTIMELY**
ROSANNE CAMPBELL, Warden, )
) (Docket nos. 13, 14)
    Respondent. )
_____ )

Petitioner, Rigoberto Z. Campos, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the instant petition for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner opposes the motion.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss.

## BACKGROUND

On September 20, 2000, a jury found Petitioner guilty of first-degree murder. On November 16, 2000, the trial court sentenced Petitioner to twenty-nine years to life in state prison. On August 17, 2002, the California Court of Appeal affirmed the judgment of the trial court and denied Petitioner's state habeas petition. On September 16, 2002, Petitioner filed two petitions with the California Supreme Court. The first petition challenged the appellate court's decision to affirm Petitioner's conviction. The second petition challenged the appellate court's decision to deny his state habeas petition. On November 13, 2002, the California Supreme Court denied both petitions.

Petitioner subsequently filed a second state habeas petition, which he signed on February 9, 2004. The record shows that this petition, which was not submitted on the required California Judicial Council form MC-275 ("MC-275 form"), was stamped as "RECEIVED" on February 23, 2004 by the California Supreme Court. (Resp't Ex. A.) On March 7, 2004, Petitioner signed and

completed the MC-275 form. (Id.) He mailed it to the California Supreme Court, and the record shows that it was stamped as "FILED" on March 10, 2004. (Id.) On January 12, 2005, the California Supreme Court denied his state habeas petition pursuant to In re Clark, 5 Cal. 4th 750 (1993).

On January 24, 2005, Petitioner filed the instant federal habeas petition.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

Here, the judgment became final for purposes of state direct appeal when the California Supreme Court denied review on November 13, 2002. See Cal. Rule of Court 29.4(b)(2)(A)

2

(subsequently renumbered as Cal. Rule of Court 8.532(b)(2)(A)).  The judgment became final for purposes of the statute of limitations ninety days later, on February 11, 2003.  See Bowen, 188 F.3d at 1159.  The one-year limitations period, therefore, began to run on that date.  Accordingly, Petitioner had until February 11, 2004 to file the instant petition.  See 28 U.S.C. § 2244(d). Therefore, the instant federal habeas petition filed on January 24, 2005 -- almost one year after the limitations period had expired -- is untimely absent tolling.

**I.    Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time.  AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'"  Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)).  In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court.  See id. at 220-25.

**A.    Statutory Tolling Analysis Based on February 9, 2004
(date state habeas petition "filed")**

Petitioner claims that he "filed" his second state habeas petition in the California Supreme Court on February 9, 2004,[1] and that he should be entitled to tolling under Section 2244(d)(2) because he filed it two days before the limitations period expired.  Under these circumstances, the

---

[1] A federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts.  Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds by Carey v. Saffold, 122 S. Ct. 2134 (2002).  This is known as "the mailbox rule."  Id.  The Court applies the "mailbox rule" to deem the petition filed on February 9, 2004, the date it was signed.

3

limitations period would be tolled from February 9, 2004 to January 12, 2005, the date the California Supreme Court denied his state habeas petition. The limitations period then started to run again after January 12, 2005.[2] However, because Petitioner only had two days left, the statute of limitations expired on January 14, 2005. Therefore, Petitioner's federal habeas petition filed on January 24, 2005 is untimely by ten days.

### B. Statutory Tolling Analysis Based on March 7, 2004 (date state habeas petition "properly filed")

Respondent argues that Petitioner is not entitled to statutory tolling because he did not submit the petition he signed on February 9, 2004 on the required MC-275 form, thus it was not "properly filed" until he signed the completed MC-275 form on March 7, 2004, which is past the expiration of the limitations period.

A petition that does not comply with filing rules is considered "improperly filed" and does not toll the limitations period. See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000). In Artuz, the Supreme Court held that an application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. Id. And it is "properly filed" under § 2244(d)(2), when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Id. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Id.

Pursuant to former Rule 60 of the California Rules of Court, which was subsequently

---

[2] There is no dispute that the California Supreme Court's denial of Petitioner's state habeas petition was final on January 12, 2005. The Court notes that in 2002, the Ninth Circuit held that tolling under § 2244(d)(2) ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under former California Rule of Court 24. Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of Allen only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying petitions for a writ of habeas corpus within its original jurisdiction are final on filing. Cal. Rule of Court 8.532(b)(2)(C). Accordingly, the denial of Petitioner's state habeas petition within the California Supreme Court's original jurisdiction was final on the date of its filing, January 12, 2005.

4

renumbered as California Rule of Court 8.380(a)(1), a pro se prisoner's state habeas petition must be submitted on the required MC-275 form.[3] Cal. Rule of Court 8.380(a)(1). Unless, however, the petitioner can show "good cause" for not complying with the California Supreme Court's filing requirements. Id.

Here, the state habeas petition that Petitioner signed on February 9, 2004 did not comply with Rule 8.380(a)(1) and failed to fall under the good cause exception for non-compliance because it was 217 pages long and not submitted on the required MC-275 form. The Court finds that Petitioner did not "properly file" his state habeas petition on February 9, 2004 because he failed to follow the required state court filing procedures; therefore, he is not entitled to tolling of the limitations period from February 9, 2004 until March 7, 2004, when he signed the completed MC-275 form. See Artuz, 531 U.S. at 8-9.

Petitioner's state habeas petition was "properly filed" on March 7, 2004, twenty-five days after the limitations period expired on February 11, 2004. However, a state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed) (holding that Oregon's two-year limitations period for the filing of state habeas petitions does not alter the operation of the AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their right to federal habeas review). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petition, which was not "properly filed" until March 7, 2004, does not revive the limitations period that has already run. Therefore, the instant federal

---

[3] Respondent incorrectly cites to Rule 8.380(a)(2) of the California Rules of Court.

habeas petition is untimely because statutory tolling does not apply.[4]

## II. Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

The Court finds that Petitioner did not allege individual facts warranting equitable tolling. Therefore, Petitioner has not demonstrated that he is entitled to equitable tolling. In fact, Petitioner concedes that he waited 363 days -- two days before the expiration of the limitations period -- before he used the correct avenue to exhaust his state court remedies when he filed his second state habeas petition on February 9, 2004. Unfortunately for Petitioner, it was his delay in pursuing his state

---

[4] Respondent also argues that Petitioner's state habeas petition was not "properly filed" because the California Supreme Court ultimately denied the petition on the grounds of untimeliness by citing to In re Clark. In Ranieri v. Terhune, 366 F. Supp. 2d 934, 938 (C.D. Cal. 2005), the district court held that a citation to In re Clark constituted an adequate state procedural bar when the petitioner raised his claims in a state habeas petition two years and nine months after sentencing. If the petitioner cannot justify the delay, then a court may reach the merits only if the petitioner asserts facts demonstrating that a "fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction and/or sentence." In re Clark, 5 Cal. 4th at 797. Because the Court has determined that Petitioner's federal habeas petition is untimely, Respondent's alternative ground for dismissal based on a procedural default bar relating to the state court's citation to In re Clark will not be addressed in this Order.

6

court remedies, rather than any extraordinary circumstances, that led him to exceed the limitations period. Petitioner is not entitled to equitable tolling because he has not shown "that this extraordinary exclusion should apply to him." Miranda, 292 F.3d at 1065.

Accordingly, Petitioner is not entitled to statutory or equitable tolling; therefore, his federal habeas petition is untimely.

## **CONCLUSION**

For the foregoing reasons,

1. Respondent's motion to dismiss the petition as untimely (docket no. 13) is GRANTED.

2. Petitioner's request for an extension of time to file an opposition to Respondent's motion to dismiss (docket no. 14) is GRANTED nunc pro tunc to April 17, 2007, the date that the opposition was filed.

3. The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions, and close the file.

4. This Order terminates Docket nos 13. and 14.

IT IS SO ORDERED.

DATED: 2/22/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CAMPOS,

        Plaintiff,

  v.

YARBOROUGH et al,

        Defendant.

Case Number: CV05-03309 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rigoberto Z. Campos T-00629
Mule Creek State Prison
P.O. Box 40999
Ione, CA 95640-9000

Dated: February 25, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.05\Campos3309.MTD(sol).frm     8