IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO Z. CAMPOS,<br><br>    Petitioner,<br>v.<br><br>ROSANNE CAMPBELL, Warden,<br><br>    Respondent._____/ | No. C 05-3309 SBA (pr)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME AS UNNECESSARY; AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>**(Docket no. 27)** |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254. The Court granted Respondent's motion to dismiss the petition as untimely.

Thereafter, Petitioner filed a motion to extend the time for filing a certificate of appealability (COA). That motion asked for additional time so that Petitioner may conduct legal research in support of a COA motion, which Petitioner noted was a prerequisite to a valid appeal. Petitioner has also filed a Notice of Appeal.

**I.    Motion for Extension of Time**

As a preliminary matter, Petitioner seeks additional time to file a COA motion, but he has also filed a separate timely notice of appeal (docket no. 28), which may be construed also as an application for a COA. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3)).

Federal Rule of Civil Procedure 6(b) allows the district court to extend the time for taking any action that is required to be done within a specified time under the Federal Rules or a court order. There is no time limit for requesting a COA. See 28 U.S.C. § 2253(c). Moreover, Petitioners need not file a separate COA motion; the Court will construe his notice of appeal as a request for a COA. See Asrar, 116 F.3d at 1270.

Accordingly, Petitioner's motion for an extension of time to file a request for a COA (docket no. 27) is DENIED as unnecessary.

**II.     Certificate of Appealability**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See id.

The Court has reviewed its Order Granting Respondent's Motion to Dismiss. The petition was dismissed because the statute of limitations deadline was February 11, 2004, this petition was not filed until January 24, 2005, and Petitioner's arguments against dismissal -- that circumstances warrant statutory or equitable tolling to save the petition from being untimely -- were unavailing. Because jurists of reason would not find this conclusion debatable or wrong, the request for a COA is DENIED. The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file, the Court's Order Granting Respondent's Motion to Dismiss, and this Order. See Asrar, 116 F.3d at 1270.

IT IS SO ORDERED.

DATED: 6/21/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.05\Campos3309.denyCOA.frm

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

| CAMPOS, | Case Number: CV05-03309 SBA |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| YARBOROUGH et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rigoberto Z. Campos T-00629
Mule Creek State Prison
P.O. Box 40999
Ione, CA 95640-9000

Dated: June 22, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.05\Campos3309.denyCOA.frm